**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

BORIS SHUSTER,

    Plaintiff,

  v.

DR. ROBERT CABANAS, DR. ABIGAIL LOPEZ DE LASALLE, IBE CHIGOZIE, P.A., LIEUTENANT KENNETH PERNELL, and UNITED STATES OF AMERICA,

    Defendants.

Civil Action No. 11-1764(RMB/JS)

**OPINION**

Appearances:

Charles P. Montgomery
Earp Cohn P.C.
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
    Attorneys for the Plaintiff

Colette R. Buchanan
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
    Attorneys for Defendants

**Bumb**, UNITED STATES DISTRICT JUDGE:

Plaintiff Boris Shuster ("Plaintiff") brings this suit against individual defendants Dr. Robert Cabanas ("Cabanas"), Dr. Abigail Lopez de LaSalle ("LaSalle"), Ibe Chigozie ("Ibe"), P.A., and Lieutenant Kenneth Pernell ("Pernell") (collectively, the "Individual Defendants") and the United States of America

1

(collectively, the "Defendants"). Defendants have moved to dismiss the claims and, in the alternative, summary judgment. For the reasons that follow, the Defendants' motion is GRANTED in part and DENIED in part.

I. Background

   A. Factual

Plaintiff is a former inmate at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI"). [Docket No. 2, First Amended Complaint ("FAC" or the "Complaint") at ¶ 18].

On December 5, 2008, Defendant Cabanas, a dentist and Captain in Public Health Services, performed a dental procedure to remedy the plaintiff's dental pain. Plaintiff alleges that Cabanas either: (1) failed to properly supervise the inmates who served as his assistants and were responsible for sterilizing his dental instruments; or (2) Cabanas was negligent in performing the actual operation. (FAC at ¶¶ 19, 42). Plaintiff alleges that, as a consequence of the procedure, he experienced post-operative pain and swelling necessitating hospitalization on December 17, 2008. (FAC at ¶¶ 21-22). There, the Plaintiff was diagnosed with an infection and had two teeth extracted. (FAC at ¶ 23).

Plaintiff was discharged from the hospital and returned to FCI on January 5, 2009. [FAC at ¶ 30]. LaSalle, the medical coordinator of FCI, recommended that Plaintiff be housed in

sanitary conditions and treated for 19 days with intravenous antibiotic. (FAC at ¶¶ 29-30). According to LaSalle, the observatory room was the "only place the necessary sanitary conditions could be assured" and LaSalle ordered that Plaintiff be held in the observatory room. (FAC at ¶ 30). LaSalle's directive was followed and Plaintiff was placed in the observatory room. (FAC at ¶ 30). However, after one night in the observatory room, Defendant Pernell, a Lieutenant at FCI, ordered the plaintiff moved to a disciplinary room in the Special Housing Unit ("SHU"). (FAC at ¶ 31). Plaintiff alleges that this room was "dirty," that "a constant dust cloud blew into the cell from the vents" and that "it stank of dried urine." (FAC at ¶ 31). Although the Plaintiff petitioned Defendant LaSalle for relocation back to the observatory room, he received no response and continued to be lodged in the SHU. (FAC at ¶ 31.)

Plaintiff experienced headaches and vomiting during his confinement and also appears to have requested morphine from Defendant Ibe, a physician assistant, to assist in pain management. (FAC at ¶¶ 32, 49). While the Plaintiff continued to complain of nausea and difficulty eating, the medical staff took no action. (FAc at ¶¶ 34-35). In the interim, the Plaintiff alleges that his i.v. was not cleaned until January 13, 2009, roughly two weeks from the moment of his discharge.

(FAC at ¶ 36). On February 5, 2009, the medical staff discovered that the i.v. antibiotics had eaten at his stomach lining. (FAC at ¶ 37). And, on June 8th, 2009, the Plaintiff was examined by an oral surgeon as a follow up for his infection and it was determined that the Plaintiff would require years of rehabilitation. (FAC at ¶ 38).

B. <u>Procedural</u>

On April 5, 2010, the Plaintiff filed a claims notice under the Federal Tort Claims Act with the Federal Bureau of Prisons ("BOP"). [Docket No. 43]. In the notice, Plaintiff alleged that: (1) he had suffered physical injuries as a result of "deprivation of medical care, negligence, mal-practice, and deliberate indifference to [his] medical needs under the . . . Federal Tort Claims Act"; (2) LaSalle was deliberately indifferent to his medical needs; (3) he complained of pain to Ibe of pain, but his complaint was ignored; (4) he was moved, by Pernell, to SHU despite the fact that he was supposed to remain in the observatory because it was a clean and sterile environment; (5). <u>Id.</u> On October 1, 2010, Regional Counsel for BOP denied Plaintiff's tort claim and indicated that Plaintiff was free to pursue his claim in federal district court. Plaintiff subsequently filed this action.

In this action, Plaintiff's alleges that: (1) the Individual Defendants violated Plaintiff's Eight Amendments

rights by exercising deliberate indifference to Plaintiff's serious medical needs and are liable under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971); and (2) that the United States is liable for medical malpractice under the Federal Tort Claims Act.  Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, for summary judgment.  Defendants submitted extrinsic evidence in support of their motion.

II.  <u>Standard</u>

Defendants moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and, in the alternative, for summary judgment.  Because Defendants submitted evidence in support of their motion, and that evidence was extrinsic to Plaintiff's Complaint, this Court must treat Plaintiff's motion for summary judgment if it is to consider any of the extrinsic evidence.  <u>See</u> Fed. R. Civ. Pro. 12(d)(stating "if on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion **must** be treated as one for summary judgment."); <u>Johnson v. N.J. Dep't of Corr.</u>, 2013 U.S. Dist. LEXIS 64853 (D.N.J May 7, 2013)(citing <u>Reyes v. Sobina</u>, 333 F. App'x 661, 662 n.1 (3d Cir. 2009)). This Court can, and will, do so here because Plaintiff was on notice that this Court could treat Defendants' motion as one for summary judgment, given the Defendants' submission of outside

5

materials and their invitation to treat their motion as one for summary judgment. Latham v. United States, 306 F. App'x 716, 718 (3d Cir. 2009)(holding that court may do so, so long as the Plaintiff had sufficient notice that this Court could treat Defendants' motion as one for summary judgment).

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence, the Court must view the inferences to be drawn in the light most favorable to the nonmoving party. Curley v. Klem, 298 F. 3d 271, 276-77 (3d Cir. 2002). However, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324.

III. Discussion

Defendants have moved for dismissal of all of Plaintiffs' claims. The Court first addresses the claims against the

Individual Defendants.  It then addresses the claim against the United States.

   A.   Claims Against The Individual Defendants

Defendants argue that all of the claims against the Individual Defendants must be dismissed for failure to exhaust administrative remedies and on other grounds.  Because this Court agrees that Plaintiff's failure to exhaust administrative remedies bars these claims, it only addresses Plaintiff's failure to exhaust and does not address Defendants' other grounds for dismissal.

Under the Prison Litigation Reform Act, inmates are required to exhaust their administrative remedies for all suits based on prison life, including Bivens suits.  Perez v. Turner, 2013 WL 3216147, at *7 (D.N.J. June 25, 2013).  Exhaustion of administrative remedies requires the completion of a four step process: (1) an inmate must first attempt to informally resolve his claim; (2) if dissatisfied, he must then file a written request to the warden within 20 days of the event at issue; (3) if dissatisfied with the warden's response, he must then appeal his complaint to the Regional Director of the Bureau of Prisons within 20 days of the warden's response; and (4) if dissatisfied with the Regional Director's response, he must then appeal to the BOP's General Counsel within 30 days of the response.  Paulino-Duarte v. U.S., No. 11-1764, 2003 WL 22533401, at *3

7

(S.D.N.Y. Nov. 7, 2003); 28 C.F.R. §§ 542.13, 542.14, 542.15. Extensions of time are permitted where the inmate demonstrates a valid reason for delay. 28 C.F.R. §§ 542.14 and 542.15.

Here, Defendants argue, and Plaintiff does not dispute, that Plaintiff failed to follow the required administrative procedure. Plaintiff instead argues that: (1) he substantially complied with the administrative procedure; (2) his lack of compliance should be excused because, for a portion of the period at issue, until he was released from SHU, he was physically unable to avail himself of his administrative remedies; and (3) his lack of compliance should be excused because he erroneously believed, based on the BOP's denial notice's direction that he could pursue an action in federal district court, that he had exhausted his administrative remedies. With respect to Plaintiff's first argument, while "compliance with the administrative remedy scheme will be satisfactory if it is substantial" Plaintiff's compliance was not substantial. Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000). Plaintiff failed to avail himself of the second and fourth steps in the exhaustion process. While courts have relaxed the administrative exhaustion requirement where the merits were "fully examined" by the "ultimate administrative authority," Plaintiff's claims never reached the BOP's General Counsel's Office, the ultimate authority in the administrative

8

process.  See Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)(only excusing failure to administratively exhaust where allegations had been fully examined by "ultimate administrative authority").  Instead, Plaintiff's sole administrative effort was his filing of the FTCA notice, which was fielded by the BOP's Regional Counsel.  That notice is insufficient to establish administrative exhaustion of a Bivens claim.  Thrower v. United States, No. 12-4386, 2013 WL 2392823, at *2 n.3 (3d Cir. 2013)(finding that submission of FTCA claim, and response by Regional Counsel, was insufficient to satisfy administrative exhaustion requirement on Bivens claim).  With respect to Plaintiff's second argument, courts will excuse compliance where inmates are rendered "unavailable" due to physical incapacity.  See Barrick v. PrisonHealth Systems/Medical, 335 F. App'x 153, 155 (3d Cir. 2009).  However, Plaintiff has failed to demonstrate why his alleged physical incapacity, which was limited in duration, should excuse his failure to follow the administrative process, given the regulations' accommodation for delay for "valid reason."  With respect to Plaintiff's third argument, while courts will excuse a failure to exhaust if "special circumstances . . . justify the prisoner's failure to comply with administrative procedural requirements," no such special circumstances are present here.  Dicks v. Chow, 382 F. App'x 28, 31 (2d Cir. 2010).  Plaintiff does not explain why he

failed to attempt to avail himself of administrative remedies in the period after his alleged physical incapacity had ended, but before he received the notice from the Regional Counsel that allegedly led him astray. Plaintiff does not contend that he was unaware of the proper administrative process.

Accordingly, Plaintiff's Bivens claims are DISMISSED based on Plaintiff's failure to exhaust his administrative remedies.

### B. Medical Malpractice Claim

Defendants raise two arguments for dismissal of Plaintiff's medical malpractice claim. First, Defendants argue that Plaintiff has partially failed to exhaust this claim. Second, Defendants argue that Plaintiff has failed to establish the elements of a medical malpractice claim. The Court addresses each argument in turn.

#### 1. Exhaustion

Claims under the FTCA, like Plaintiff's Bivens claims must be administratively exhausted prior to suit. Miller v. United States, No. 12-2745, 2013 WL 1397163, at *1 (3d Cir. Apr. 8, 2013). A plaintiff may do so by presenting his claim to the appropriate federal agency and receiving a final denial in writing. Id. Notice is sufficient if the claimant gives the agency "written notice of his or her claim sufficient to enable the agency to investigate" and "places a value on his or her claim." Roma v. United States, 344 F.3d 352, 362-63 (3d Cir.

2003). Plaintiffs may not, however, present "one claim to the agency and then maintain suit on the basis of a different set of facts." Id. at 362.

Here, Defendants do not dispute that Plaintiff followed the proper procedure by submitting a written notice to the Regional Counsel. Rather, they argue that Plaintiff failed to provide notice of his complaints of nausea, inability to eat, stomach cramps, or damage to Plaintiff's stomach lining. They argue that, as a result, to the extent Plaintiff's claims are premised on these stomach-related issues, Plaintiff failed to exhaust these claims. While it is true that Plaintiff failed to detail these issues, Plaintiff's submission plainly described the alleged medical negligence that is purportedly at the root of these ailments. As such, Plaintiff put Defendants on notice of his claims sufficient to enable agency investigation of them. Accordingly, Defendants' motion for summary judgment on this basis is DENIED.

### 2. Medical Malpractice Elements

In suits under the FTCA, courts apply the substantive law of the state where the acts or omissions occurred. See Richards v. United States, 369 U.S. 1, 6 (1962); Ciccarone v. United States, 486 F. 2d 253, 257 (3d Cir. 1973); McLoyd v. United States, 2006 WL 2135837 (D.N.J. July 27, 2006). Because the alleged malpractice here occurred at FCI-Fort Dix in New Jersey,

New Jersey malpractice law governs. New Jersey law requires a malpractice claim plaintiff to show that:

1) a duty of care existed;

2) the Defendant breached that duty;

3) that breached caused his or her injures; and

4) that he or she suffered damages.

Natale v. Camden Correctional Facility, 318 F. 3d 575, 579 (3d Cir. 2003).

Defendants argue that Plaintiff failed to offer evidence of medical negligence and failed to offer evidence that he suffered an injury caused by that negligence, as required to establish medical malpractice under New Jersey law. In support of this argument, Defendants cite to medical records and a declaration from LaSalle questioning the cause, severity, and even the existence of some of Plaintiff's claimed injuries. See Brief in Support of Summary Judgment at pg. 27 (citing to LaSalle Decl.). Plaintiff argues that summary judgment should be denied because no discovery has been completed and he therefore has not had the opportunity to investigate the medical documents, retain his own medical expert, and depose the medical experts.[1]

Under Federal Rule of Civil Procedure 56(d), a party opposing summary judgment on the basis that additional discovery

---

[1] Plaintiff will also be required to timely submit an affidavit of merit. Olivares v. United States, 447 F. App'x 347, 353 (3d Cir. 2011)(requiring affidavit of merit for FTCA medical malpractice claim).

is warranted must "show by affidavit or declaration that . . . it cannot present facts essential to justify its opposition" and "indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." Abulkhair v. Citibank & Associates, 434 F. App'x 58, 61-62 (3d Cir. 2011); Fed. R. Civ. P. 56(d).

Here, Plaintiff has provided an affidavit indicating that he needs discovery to have the relevant medical records reviewed by a medical expert and the opportunity to depose the Individual Defendants. That discovery is: (1) necessary to enable Plaintiff to support his malpractice claim; and (2) largely unavailable to Plaintiff because key information is solely in the possession of the Defendants and Plaintiff has not had an opportunity to conduct any discovery. Accordingly, Plaintiff has satisfied the requirement that he demonstrate by affidavit or declaration that he cannot present facts essential to justify its opposition and summary judgment is not warranted at this time. Accordingly, Defendants' motion for summary judgment on this basis is DENIED.

II. Conclusion

For the foregoing reasons, Defendants' motion is GRANTED, in part, and DENIED, in part, as described above.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE

Dated: July 19, 2013