NOT FOR PUBLICATION                                         [Docket No. 68]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| BORIS SHUSTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. ROBERT CABANAS, DR. ABIGAIL LOPEZ DE LASALLE, IBE CHIGOZIE, P.A., LIEUTENANT KENNETH PERNELL, and UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Civil Action No.<br>11-1764(RMB/JS)<br><br>**OPINION** |

Appearances:

Charles P. Montgomery
Earp Cohn P.C.
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
　　Attorneys for the Plaintiff

Colette R. Buchanan
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
　　Attorneys for Defendants

**BUMB,** UNITED STATES DISTRICT JUDGE:

**I.   Introduction**

This matter comes before the Court upon a motion by Defendant, the United States of America, for summary judgment (Docket No. 68). For the reasons set forth below, Defendant's motion will be denied.

**II.   Factual and Procedural Background[1]**

Plaintiff, Boris Shuster, is a former inmate at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI"). (Def.'s R. 56.1 at ¶ 1). The only remaining claim in this case alleges medical malpractice by the Defendant in the treatment of a dental problem Plaintiff experienced while imprisoned at FCI. (Id. at ¶2).  All other Defendants and Plaintiff's other claims were dismissed by this Court on July 19, 2013 [Docket Nos. 52 and 53].

Plaintiff's medical malpractice claim alleges negligence by Bureau of Prison health care providers in the performance of a dental procedure performed by Dr. Cabanas on December 10, 2008, and in the care Plaintiff received following that procedure. (Def.'s R. 56.1 at ¶ 3).  This claim is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 346(b), 2671 et seq.  (Id. at 4).

---

[1] Where there are significant factual disputes between the parties, the facts should be construed in favor of the non-moving party. See Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004), cert. denied, 543 U.S. 956 (2004).  That said, Plaintiff does not dispute the Defendant's submitted Local Rule 56.1 statement and the Court relies on that submission as appropriate.  See Local Civ. R. 56.1 "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."  To the extent that additional facts were required to resolve this motion, this Court has relied in Plaintiff's pleading.

2

Plaintiff alleges that, as a consequence of the procedure, he experienced post-operative pain and swelling, but he was not seen for a follow-up appointment despite reporting "severe post-operative pain" until hospitalization became necessary on December 17, 2008. (First Amended Complaint at ¶¶ 21-22). Plaintiff avers that Dr. Cabanas refused to see him despite his post-operative pain because "he had to go to a funeral." (Id. at ¶ 20).  Once hospitalized, the Plaintiff was diagnosed with an infection and had two teeth extracted. (Id. at ¶ 23). Plaintiff also alleges that he was provided a prescription for antibiotics on December 5, 2008 but that prescription was not filled until December 16th despite Plaintiff's complaints of pain and swelling.  (Id. at 21).[2]

In a previous Opinion, Docket No. 52, this Court discussed Plaintiff's opposition to the Defendant's motion for summary judgment as to his medical negligence claim, and found that under Federal Rule of Civil Procedure 56(d), Plaintiff had properly indicated that he needed additional discovery to

---

[2] Plaintiff's First Amended Complaint also contains additional allegations of medical negligence – e.g., that instruments used for his dental procedure were not sterile, that he was not provided pain medication or a dental appliance to alleviate pain, and that intravenous antibiotics were improperly administered and had a deleterious effect on his stomach lining. (FAC at ¶¶ 19, 32, 36-38).  From his opposition brief, however, Plaintiff appears to have abandoned these allegations and is pursuing only those allegations specifically discussed below.

3

properly oppose summary judgment.  The Court also noted that Plaintiff "will also be required to timely submit an affidavit of merit."  (Docket No. 52. At 12 n. 1) (citing <u>Olivares v. United States</u>, 447 F. App'x 347, 353 (3d Cir. 2011)(requiring affidavit of merit for FTCA medical malpractice claim)).

The parties later agreed to provide Plaintiff with more time to obtain an affidavit of merit.  (<u>See</u> Docket No. 63).  It is undisputed that Plaintiff has not provided the affidavit of merit, and this failure forms the basis for Defendant's instant motion for summary judgment.

**III. Applicable Standard**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party."  <u>Id.</u>  When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party."  <u>Meyer v. Riegel Prods. Corp.</u>, 720 F.2d 303, 307

n.2 (3d Cir. 1983). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Anderson, 477 U.S. at 252. Further, a court does not have to adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them. Scott v. Harris, 550 U.S. 373, 380 (2007). In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the nonmoving party . . . ." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**IV. Analysis**

As stated above, it is undisputed that Plaintiff has failed to provide an affidavit of merit with respect to his medical negligence claim. Typically, as pointed out by Defendant, this failure could result in a dismissal of Plaintiff's medical malpractice claims. See Olivares, 447 F. App'x at 353 ("In New Jersey, allegations of medical malpractice require, with few exceptions, the submission of an affidavit of merit as a precondition to filing suit. Failure to so file "shall be deemed a failure to state a cause of action.") (citing N.J. Stat. Ann. § 2A:53A-27 through 29).

There are, however, exceptions to this general rule, as noted by the Olivares court.  Here, Plaintiff asserts that an affidavit of merit is not necessary because Plaintiff's allegations that he was not examined for six days following the procedure and that the prescribed post-operative antibiotics were not properly administered fall within the "common knowledge" exception to the affidavit of merit rule.[3]

Per the common knowledge exception, "[w]here . . . common knowledge makes apparent a claim's merit, an expert's affidavit is unnecessary."  Natale v. Camden County Correctional Facility, 318 F.3d 575, 580 (3d Cir. 2003).  "The common knowledge exception only applies where jurors common knowledge suffices to enable [the jurors], using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." Fontanez v. United States of America et al., No. 11-2573, 2014 U.S. Dist. LEXIS 75831, at *10 (D.N.J. May 30, 2014) (internal quotations and citations omitted).  Plaintiff contends that it is widely known that prompt follow-up care is necessary where there are

---

[3] Based on Plaintiff's representations in his brief, this Court finds that he has abandoned his other allegations, which would require the filing of an affidavit of merit, as the common knowledge exception is not asserted by Plaintiff to apply to said allegations of medical negligence.

6

complaints of post-operative pain and that failure to administer antibiotics constitutes an error.

In reply, the Defendant argues that the common knowledge exception should only be applied in "exceptionally obvious cases of medical malpractice." (Doc. No. 71 at 2). Defendant further argues that Plaintiff's allegations "- that Dr. Cabanas failed to examine plaintiff for six days following a dental procedure and that he failed to ensure that plaintiff was administered the prescribed antibiotics – are not analogous to the situations in which the courts have applied the common knowledge exception." Id. at 2.

This Court disagrees. In this case, a reasonable jury could conclude that Defendant was negligent absent expert testimony. Other courts have held that the common knowledge exception applies based upon similar allegations. See e.g., Jackson v. Fauver, 334 F. Supp. 2d 697, 743 (D.N.J. 2004)(applying the common knowledge exception where plaintiffs complained, inter alia, that they were not provided with prescribed medications in a timely fashion); Grimes v. Correctional Medical Servs., No. 08-567, 2010 U.S. Dist. LEXIS 10536, at *11-13 (D.N.J. Feb. 8, 2010)(finding that failure to provide plaintiffs with medications prescribed by their doctors "falls into the common knowledge exception to the affidavit of merit requirement, and summary judgment cannot be granted. . .

7

."); Hernandez v. Cullison, No. 05-3038, 2006 U.S. Dist. LEXIS 45505, at *50 n. 9 (D.N.J. June 26, 2006)(finding allegations that recommended surgical treatment was improperly delayed required no affidavit of merit and allowing plaintiff's medical malpractice claim to proceed).

Because the threshold merit of Plaintiffs allegations, as now specifically limited by Plaintiff to the failure to properly administer a prescription and failure to provide a prompt post-operative follow-up, are readily apparent from a reading of the Plaintiff's First Amended Complaint, the common knowledge exception applies and Plaintiff's medical negligence claim may proceed.[4]

**V. Conclusion**

For the reasons set forth above, this Court finds that Defendant's motion for summary judgment shall be denied.  An appropriate Order will issue this date.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge

Dated:    September 10, 2014

---

[4] Like the Court in Hernandez, 2006 U.S. Dist. LEXIS 45505, at * 50 n. 9, this Court notes that "while the common knowledge doctrine relieves Plaintiff of his obligation to comply with the Affidavit of Merit Statute, it does not relieve him of the burden of proving his case at trial."